UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BISSO MARINE COMPANY, INC.                        CIVIL ACTION

VERSUS                                            NO. 10-690

MARINE RESPONSE CONSULTANTS, INC., ET AL          SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by J.

Kenneth Edgar ("Edgar")   Rec. Doc. 21.   Having considered the record, the

memoranda of counsel and the law, the Court grants the motion for the following

reasons.

As president of MRC, Edgar signed a Master Subcontractor's Agreement with

Bisso Marine  Company, Inc. ("Bisso Marine") in March 2006.   Rec. Doc. 21, Exh. A.  In

2008, the BR100, a drilling barge owned and operated by Nabors Offshore Corporation

("Nabors"), capsized in the Mississippi River Outlet during Hurricane Gustav.

Thereafter in October 2008, Bisso Marine entered into a Salvage and Indemnity Contract

with Nabors concerning the recovery of the  BR100, and in conjunction with that

contract offered a letter Summary Proposal on Bisso letterhead dated September 2008 and signed by Edgar as "Salvage Operations/Engineering;" no mention of MRC is made in that Summary Proposal.   Rec. Doc. 21, Exh. C.  At the same time, it appears that the parties agree that the work concerning the salvage of the BR100 was carried out solely by T&T Bisso, L.L.C., ("Bisso T&T"), a corporate entity separate from Bisso Marine and recently-added party plaintiff.   In this lawsuit, Bisso Marine seeks recovery in contract and tort against MRC and Edgar for alleged shortcomings attendant to the salvage operations that occurred in 2009.

Edgar moves for summary judgment on contract and tort claims against him in the original complaint filed by Bisso Marine.   The plaintiff Bisso Marine does not argue that contractual claims survive summary judgment in opposition to the motion, but does argue that Edgar's motion is untimely and that Edgar's employment with MRC does not shield him from professional liability under *Avondale Shipyards, Inc. v. THOMAS E. CUFFE*, 434 F. Supp. 920 (E.D.La. 1977) and Louisiana law.

The plaintiff's arguments fail for a number of reasons.   First, the Court does not find that the motion is untimely.  Second,  the Court's reading of the record indicates that MRC is a North Carolina corporation, not a Louisiana corporation or an L.L.C., rendering much of Bisso Marine's opposition irrelevant.   In addition, the Court is unwilling to extend the sole rule of *Avondale Shipyards* to virtually eliminate the need to

2

pierce the corporate veil in admiralty cases if salvage engineering is involved in a corporate contract.  In the absence of a contract with Edgar individually or piercing the corporate veil, both contractual and tort claims against Edgar as it pertains to his association with MRC are subject to dismissal.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by J. Kenneth Edgar is GRANTED.   Rec. Doc. 21.   Counsel are encouraged to reconsider good faith settlement discussions.

New Orleans, Louisiana, this 19th  day of September, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE